ABELARDO GONZÁLEZ IVANKOVICH, demandante y recurrido, *v.* LAS AMERICAS PROFESSIONAL CENTER, INC. y/o LAS AMERICAS PROFESSIONAL CENTER CORP., CONSOLIDATED MUTUAL INS. CO., Y OTROS, demandados y recurrentes.

*Número:* R-71-216    *Resuelto:* 3 de diciembre de 1974

*González & Rodríguez,* abogados de las recurrentes; *César J. Dones Magaz,* abogado del recurrido.

PER CURIAM: Un joven vino a residir en la Urbanización Baldrich con el propósito de seguir estudios en la Universidad de Puerto Rico, recinto de Río Piedras. No se había familiari-

zado con el nuevo medio existencial cuando tuvo necesidad de comprar unas medicinas en una farmacia de la Ave. Domenech (este) en Hato Rey. Allá se dirigió en su coche Oldsmobile que estacionó al extremo de una larga línea de automóviles aparcados. El sitio que ocupó queda rectamente frente a la farmacia. Hay allí un borde de cuneta que es marco de la calle, luego una pequeña franja de césped o yerba separada de la acera por una cadena ondulante sostenida por pequeños postes de metal. La cadena es un recurso ornamental y tiende a desalentar el cruce de personas sobre la grama cuando se dirigen desde la calle al edificio, induciéndolas a un pequeño rodeo por uno de los extremos de la elegante barrera. Sabemos cómo se ha generalizado el uso de dichas cadenas para cerrar o desviar el paso tanto en áreas públicas como privadas de nuestra Ciudad Capital.

■ El recurrido se bajó del carro y cruzó la grama en dirección a la puerta de la farmacia, tropezó con la cadena y resultó con un brazo fracturado. El tribunal de instancia le concedió $5,000 por daños físicos y morales, sentencia que no puede subsistir. Las numerosas fotografías admitidas en evidencia muestran la cadena claramente visible uniendo en hamaca los pequeños postes y cortando una silueta que no escapará a cualquiera que mire hacia el frente al caminar. El accidente ocurrió a las 10:30 a.m. y la evidencia fotográfica no sostiene la conclusión del juez al efecto de que cadena, acera y edificio se confunden en un mismo patrón de colores. Un peatón alerta se hubiese abstenido de cruzar la grama y hubiera evitado el tropezón con la cadena como en otra área de menor desarrollo urbanista hubiese evadido una cerca de alambre de púas, un seto vivo espinoso, una boca de incendio, o una barrera que protege el cemento acabado de tirar. La cadena instalada en el lugar del accidente no creó una condición peligrosa, corría paralela a la acera y a la franja verde separando una de la otra, sin coartar el libre tránsito de personas por la

acera. Para tropezar con ella era necesario cruzar en línea vertical o al menos oblicua de la grama a la acera o viceversa.

■ Los hechos probados y la lectura de la transcripción de la evidencia nos convence de que no hay en este caso otra causa próxima y eficiente del daño que la inadvertencia y descuido del propio recurrido. Las personas que se mueven por las vías públicas han de observar la precaución y el cuidado que se espera de una persona de regular inteligencia para evitar colisiones y caídas; y la precaución debe redoblarse cuando se cambia de una zona a otra de mayor y más complejo desarrollo urbano. *Vázquez* v. *A.F.F.*, 99 D.P.R. 547 (1971).

Incidió el tribunal de instancia al considerar la cadena una condición peligrosa y absolver al recurrido de toda culpa, *por lo que su sentencia dictada el 9 de julio de 1971 será revocada.*