Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| DAVID REYES SANTOS<br><br>Parte Apelante<br><br>v.<br><br>EL PRÍNCIPE DE LOS TORNILLOS, INC. Y OTROS<br><br>Parte Apelada | KLAN202401069 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01747<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2025.

El 2 de diciembre de 2024, el señor David Reyes Santos (apelante o señor Reyes Santos) instó el recurso de apelación de epígrafe. Solicita que revoquemos una *Sentencia* emitida el 25 de octubre de 2024, notificada y archivada en autos el 29 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. En dicha determinación, el foro primario declaró No Ha Lugar la demanda del caso de epígrafe, y le impuso al señor Reyes Santos el pago de las costas incurridas por El Príncipe de los Tornillos, Inc. (parte apelada).[1]

El 20 de diciembre de 2024, emitimos una *Resolución* en la que ordenamos al señor Reyes Santos a informarnos el método de reproducción de prueba oral que estaría utilizando, si alguno, únicamente con relación a lo relacionado al nexo causal.

Luego de ello, el 2 de enero de 2025, la parte apelada radicó un *Alegato en Oposición a Apelación* y una *Solicitud de Desglose* con relación al Anejo 41 del recurso de apelación.

---

[1] *Sentencia*, Apéndice del recurso, págs. 175-192.

El 3 de enero de 2025, el señor Reyes Santos presentó una *Moción en Cumplimiento de Resolución* por la cual sostuvo que no estaría presentando reproducción de prueba oral alguna. También radicó una *Oposición a Solicitud de Desglose* y una *Moción incluyendo argumento y prueba adicional en apoyo a solicitud de que este Tribunal revoque la Sentencia dictada por el TPI al amparo de la Regla 39.2 (c) de Procedimiento Civil.*

Posteriormente, la parte apelada presentó una *Réplica a Oposición a Solicitud de Desglose* y una oposición a la solicitud de argumento y prueba adicional el 9 de enero de 2025.

Después de ello, emitimos una *Resolución* el 13 de enero de 2025 por la que declaramos No Ha Lugar la solicitud de desglose radicada por la parte apelada. También resolvimos que no se iban a admitir argumentos adicionales incluidos en la *Moción en Cumplimiento de Orden,* la solicitud de argumento y prueba adicional presentada por el señor Reyes Santos, al igual que la oposición a esta última, conforme la Regla 16 (c)(2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 16 (c)(2).

Examinados los escritos a la luz del derecho aplicable y por los fundamentos que expondremos a continuación, *se confirma* la *Sentencia* apelada.

**I.**

El 18 de marzo de 2021, el señor Reyes Santos presentó una *Demanda* en contra de la parte apelada por daños y perjuicios.[2] Alegó que el 29 de septiembre de 2020, el señor Reyes Santos estaba caminando por el estacionamiento de la parte apelada cuando golpeó la parte inferior del rótulo del establecimiento con su cabeza y frente sufriendo daños. Añadió que dicho letrero estaba instalado negligentemente. Por los alegados daños y gastos médicos solicitó

---

[2] *Demanda, Íd.*, págs. 1-5.

una suma no menor de $207,000.00, más el interés legal correspondiente, las costas, y $10,000.00 en concepto de honorarios de abogado.

Posteriormente, la parte apelada radicó una *Contestación a Demanda* el 24 de mayo de 2021 donde negó las alegaciones.[3] Indicó que el incidente se debió única y exclusivamente a la negligencia del propio señor Reyes Santos. Expuso que una persona prudente y razonable se le haría imposible no ver el rótulo, a menos que no estuviese mirando hacia adelante, pues el mismo era de gran tamaño con un color fluorescente y letras negras para que resaltaran.

Luego de varios trámites procesales, el señor Reyes Santos presentó una *Demanda Enmendada* el 16 de mayo de 2022 por la que añadió que la parte apelada no tenía permiso de rótulo, pero sí un permiso único de uso.[4] Expuso que el rótulo que ocasionó el incidente, además de carecer de permiso, no estaba diseñado conforme a un reglamento, ni unido a la pared de la estructura, pero sí estaba expuesto al tránsito del público al estar localizado en el establecimiento del local.

Por su parte, la parte apelada radicó una *Contestación a Demanda Enmendada* el 25 de mayo de 2022.[5] Expuso que la parte apelada sustituyó la lámina de un letrero que ya existía en el local comercial para adaptarlo a la operación del nuevo negocio y hacerlo más visible. Indicó que el Municipio Autónomo de San Juan autorizó el rótulo existente según la solicitud de la parte apelada. Además, arguyó que dicho rótulo estaba localizado en la colindancia entre la propiedad de la parte apelada y un dentista, por lo que no era una ruta de paso. Señaló que el señor Reyes Santos había intentado

---

[3] *Contestación a Demanda, Íd.*, págs. 6-8.
[4] *Demanda Enmendada, Íd.*, págs. 13-18.
[5] *Contestación a Demanda Enmendada, Íd.*, págs. 19-23.

cruzar por el muro que divide las colindancias de las propiedades, pasando por debajo del letrero, y asumiendo el riesgo.

Posteriormente, las partes presentaron un *Informe sobre Conferencia Preliminar entre Abogados* el 26 de mayo de 2022.[6]

El 1 de junio de 2022, el foro primario emitió una *Minuta* de la que surge que el TPI aprobó el referido informe, el cual regiría los procedimientos durante el juicio en su fondo.[7]

Después de varios trámites procesales, las partes radicaron un *Informe sobre Conferencia Preliminar entre Abogados Enmendado* el 10 de septiembre de 2024.[8]

El 20 de septiembre de 2024, el foro primario emitió una *Minuta*. De la misma se desprende que el juicio en su fondo comenzó el 16 de septiembre de 2024 y continuó el 17 de septiembre de 2024.[9]

Según la *Minuta Enmendada* emitida el 10 de enero de 2025 por el foro *a quo*, durante dicho juicio, la parte apelada realizó una solicitud de desestimación bajo la Regla 39.2 de Procedimiento Civil.[10]

El 18 de septiembre de 2024, el señor Reyes Santos presentó una *Oposición a Solicitud de Desestimación al amparo de la Regla 39.2 (c) de Procedimiento Civil* donde reiteró que como el rótulo de la parte apelada no tenía el permiso de instalación, la parte apelada incurrió en negligencia.[11]

El 25 de octubre de 2024, el TPI emitió una *Sentencia*, notificada y archivada en autos el 29 de octubre de 2024, por la que declaró No Ha Lugar la demanda del caso de epígrafe.

---

[6] *Informe sobre Conferencia Preliminar entre Abogados, Íd.*, págs. 24-64.
[7] *Minuta, Íd.*, págs. 65-66.
[8] *Informe sobre Conferencia Preliminar entre Abogados Enmendado, Íd.*, págs. 114-163.
[9] *Minuta, Íd.*, págs. 168-169.
[10] Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2; *Minuta Enmendada*, Anejo 2 de la Moción Informativa incluyendo Minuta Enmendada, págs. 2-3; véase también *Minuta*, Apéndice de la oposición al recurso, págs. 44-45.
[11] *Oposición a Solicitud de Desestimación al amparo de la Regla 39.2 (c) de Procedimiento Civil*, Apéndice del recurso, págs. 170-173.

Específicamente, determinó que no podía "concluir como un hecho probado que la caída sufrida por el Sr. Reyes Santos, según se alega en su demanda, fuera como consecuencia de condición peligrosa alguna atribuible a la parte demandada". Por el contrario, concluyó que el señor Reyes Santos asumió el riesgo del accidente al intentar pasar por debajo del rótulo en cuestión, aun cuando reconoció que era más bajo que él y que por ello tuvo que agacharse.[12]

Inconforme con dicho dictamen, el señor Reyes Santos presentó un recurso de apelación ante esta Curia el 2 de diciembre de 2024 y señaló que el TPI cometió el siguiente error:

> El TPI, Hon. Buono de Jesús, incurrió en error manifestó [sic] al desestimar la demanda mediante Sentencia dictada al amparo de la Regla 39.2 (c) de Procedimiento Civil, expresando falta de evidencia sobre negligencia, en la cual muchos de los hechos expresados en la Sentencia son contrario a la prueba presentada por el Demandante, existiendo un conflicto entre las conclusiones a las que a las que llegó el TPI y la totalidad de la evidencia presentada sobre negligencia del Demandado.

En síntesis, el señor Reyes Santos arguyó que como la parte apelada no había solicitado permiso para instalar el rótulo en cuestión, era claro que la parte apelada incurrió en negligencia.

Por su parte, la parte apelada radicó un *Alegato en Oposición a Apelación* el 2 de enero de 2025 en el que sostuvo que el señor Reyes Santos no había rebatido la presunción de legalidad y corrección de las determinaciones de hechos; no presentó prueba sobre las condiciones peligrosas, y que estas con mayor probabilidad ocasionaron los alegados daños que sufrió; no logró acreditar que el rótulo careciera de los permisos exigidos por ley, y, aun ante la ausencia del permiso para instalar el rótulo, indicó que dicho hecho por sí solo no era motivo para que la parte apelada tuviera que responder civilmente, a menos que existiera una relación causal entre dicha violación y el daño; y que el señor Reyes Santos admitió

---

[12] *Sentencia, Íd.*, pág. 187.

haber asumido el riesgo de pasar por debajo del rótulo cuando existían otras rutas, incluyendo el paso de peatones.

**II.**

**A.**

Los tribunales apelativos no intervendrán con las determinaciones de hechos ni las adjudicaciones de credibilidad realizadas por el TPI, al menos que dicho foro haya incurrido en error manifiesto, pasión, prejuicio o parcialidad.[13] Un juzgador incurre en pasión, prejuicio o parcialidad cuando actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna".[14] Por otro lado, incurre en error manifiesto cuando la apreciación de la prueba se aparta de la realidad fáctica o es inherentemente imposible o increíble.[15]

Los tribunales superiores sólo podrán intervenir con las conclusiones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico sobre la totalidad de la prueba.[16] Lo anterior se debe a que los jueces del foro primario son quienes están en mejor posición de aquilatar la prueba y adjudicar credibilidad incluyendo observar el comportamiento de los testigos mientras ofrecen su testimonio.[17] No obstante, los foros apelativos solo cuentan con "récords mudos e inexpresivos".[18] Por lo tanto, son

---

[13] *Rivera Menéndez v. Action Service*, 185 DPR 431, 444 (2012); *S.L.G. Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009).

[14] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

[15] *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018).

[16] *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

[17] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 778-779 (2022); *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 219 (2021).

[18] *Rivera Torres v. Díaz López*, 207 DPR 636, 658 (2021) (*citando a S.L.G. Rivera Carrasquillo v. AAA, supra*, pág. 356).

pocos los casos en donde se ha concluido que el foro de instancia incurrió en pasión, prejuicio, parcialidad o error manifiesto.[19]

Conforme a la Regla 42.2 de Procedimiento Civil,[20] "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". La intervención de un foro apelativo con la evaluación de la prueba testifical procede "'en casos en que un análisis integral de dicha prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que estremezca nuestro sentido básico de justicia'".[21] Por ende, la parte apelante que cuestione una determinación de hechos realizada por el foro primario debe fundamentar la existencia de pasión, prejuicio o parcialidad, o error manifiesto.[22]

Ahora bien, a pesar de la deferencia judicial, cuando las conclusiones de hecho del TPI están basadas en prueba pericial o documental, el tribunal revisor se encuentra en la misma posición que el foro recurrido.[23] Ante tales circunstancias, el Tribunal Apelativo tendrá facultad para adoptar su propio criterio con relación a la apreciación y evaluación de la prueba pericial, e incluso para descartarla, aunque resulte técnicamente correcta.[24] De igual modo, podrán sustituir el criterio de los tribunales de primera instancia cuando, a tenor con la prueba admitida, no exista base suficiente que apoye su determinación.[25]

---

[19] *Dávila Nieves v. Meléndez Marín, supra,* pág. 771.
[20] Regla 42.2 de Procedimiento Civil, *supra,* R. 42.2.
[21] *S.L.G. Rivera Carrasquillo v. AAA, supra,* pág. 356 (*citando Pueblo v. Cabán Torres,* 117 DPR 645, 648 (1986)).
[22] *S.L.G. Rivera Carrasquillo v. AAA, supra,* pág. 356; *Flores v. Soc. de Gananciales,* 146 DPR 45, 50 (1998).
[23] *González Hernández v. González Hernández, supra,* pág. 777.
[24] *Íd.; Municipio de Loíza v. Sucns. De Suárez et al.,* 154 DPR 333, 363 (2001).
[25] *Pueblo v. Hernández Doble,* 210 DPR 850, 865 (2022); *Gómez Márquez v. Periódico el Oriental Inc.,* 203 DPR 783, 794 (2020).

Es harto conocido que los actos y omisiones de una persona en los que intervenga cualquier culpa o negligencia conllevan la obligación de reparar el daño causado.[26] Además, la imprudencia concurrente de la persona perjudicada no exime de responsabilidad, pero conllevo la reducción de la indemnización.[27] Para el resarcimiento de los daños y perjuicios conforme a dicha disposición, un demandante debe establecer (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión, el cual tiene que ser culposo o negligente.[28] El daño es todo aquel menoscabo moral o material causado que contraviene una norma jurídica que sufre una persona y del cual debe responder otra.[29]

Asimismo, la culpa o negligencia consiste en "la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias".[30] Es importante notar que el demandante posee la obligación de probar la negligencia y poner al Tribunal en condiciones para determinar clara y específica sobre negligente por medio de la presentación de la prueba.[31]

El deber de prever es el requisito principal para la adjudicación de responsabilidad por culpa o negligencia.[32] Sin embargo, no se extiende a todo riesgo posible, sino que se debe evaluar si un daño pudo ser el resultado probable de un acto

---

[26] Artículo 1802 del *"Código Civil de Puerto Rico" Edición de 1930*, 31 LPRA ant. sec. 5141; *Mena Pamias v. Jiménez Meléndez*, 212 DPR 758, 767-768 (2023).

[27] Artículo 1802 del *"Código Civil de Puerto Rico" Edición de 1930*, *supra*, sec. 5141.

[28] *Cruz Flores v. Hospital Ryder Memorial, Inc.*, 210 DPR 465, 483-484 (2022); *Pérez Hernández v. Lares Medical Center, Inc.*, 207 DPR 965, 976 (2021).

[29] *López v. Porrata Doria*, 169 DPR 135, 151 (2006) (*citando a* J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, pág. 92).

[30] *Mena Pamias v. Jiménez Meléndez, supra*, pág. 768.

[31] *Cotto v. C.M. Ins. Co.*, 116 DPR 644, 651 (1985); véase, también, Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110.

[32] *Cruz Flores v. Hospital Ryder Memorial, Inc.*, supra, pág. 484.

negligente.[33] La regla es "que el riesgo que debe preverse debe estar basado en probabilidades y no en meras posibilidades".[34]

En esa misma línea, debe existir un nexo causal entre dicho acto culposo o negligente y el daño sufrido.[35] Esta doctrina de causalidad establece que "no es causa toda condición sin la cual no se hubiera producido el daño, sino la que ordinariamente lo produce según la experiencia general".[36] De forma que, para "surgir el elemento del nexo causal, debe de existir una relación entre el daño y la consecuencia razonable, común y natural de la acción u omisión imputada al autor demandado".[37] Esta relación directa es la que permite concluir que el acto torticero imputado es la causa adecuada del daño reclamado.[38]

En cuanto a los establecimientos comerciales, el dueño u operador "debe tomar las medidas necesarias para que las áreas a las que tienen acceso sus clientes sean razonablemente seguras".[39] El dueño u operador debe llevar a cabo un "cuidado razonable para mantener la seguridad de las áreas accesibles al público, para que, de ese modo, se evite que sus clientes sufran algún daño".[40] Este deber incluye tanto la obligación de anticipar como la de evitar que ocurran daños en el establecimiento.[41] No obstante, los establecimientos comerciales no son garantizadores absolutos de todos los daños que pueden sufrir sus clientes mientras estén en sus facilidades.[42] Para que exista responsabilidad, el demandante debe probar que el dueño no ejerció el debido cuidado para que el negocio fuese seguro.[43] Además, debe probar que existían

---

[33] *Montalvo v. Cruz*, 144 DPR 748, 756-757 (1998).
[34] *Cruz Flores v. Hospital Ryder Memorial, Inc.*, supra, pág. 484.
[35] *Íd.*
[36] *Íd.*, págs. 484-485.
[37] *Íd.*, pág. 485.
[38] *Íd.*
[39] *Santiago v. Sup. Grande*, 166 DPR 796, 806 (2006).
[40] *Colón y Otros v. K-Mart y Otros*, 154 DPR 510, 518 (2001) (Énfasis en el original eliminado).
[41] *Santiago v. Sup. Grande, supra*, pág. 806 (Énfasis en el original eliminado).
[42] *Colón y Otros v. K-Mart y Otros*, supra, pág. 518.
[43] *Íd.*

condiciones peligrosas dentro de los locales y que eran de conocimiento de los propietarios o el conocimiento podía imputársela a estos.[44]

La defensa de voluntariamente asumir el riesgo ha sido desarrollada de la idea de que "[a]quello a lo que una persona asiente no puede ser considerado en derecho como un daño".[45] Según esta doctrina, "[s]i una persona, a sabiendas y comprendiendo el peligro existente, voluntariamente se expone al mismo, aun cuando no sea negligente, debe considerarse que dicha persona ha asumido el riesgo y está impedida de recobrar por daños resultantes del mismo".[46]

**B.**

La Regla 39.2 (c) de Procedimiento Civil permite la desestimación de un caso después de que el demandante termina la presentación de su prueba fundamentándose en que, bajo los hechos hasta ese momento probados, el demandante no posee derecho para la concesión de ningún remedio.[47] Bajo este tipo de moción contra la prueba o *nonsuit*, el Tribunal queda autorizado a aquilatarla y formular su apreciación de los hechos, conforme a la credibilidad que le merezca la evidencia.[48] De surgir duda, debe requerirle al demandado que presente su caso.[49]

Según la Regla 39.2 (c) de Procedimiento Civil, la desestimación se da contra la prueba por lo que "la decisión del tribunal dependerá de su apreciación de la evidencia presentada".[50] Es harto conocido que los foros apelativos no intervendrán con la

---

[44] *Íd.*
[45] *Palmer v. Barreras*, 73 DPR 278, 281 (1952).
[46] *Íd.*
[47] Regla 39.2 (c) de Procedimiento Civil, *supra*, R. 39.2 (c).
[48] *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 916 (2011).
[49] *Roselló Cruz v. García*, 116 DPR 511, 520 (1985).
[50] *Rivera Figueroa v. The Fuller Brush Co., supra*, pág. 916.

apreciación de la prueba que realicen los foros de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto.[51]

**III.**

En el caso de marras debemos resolver si procedía desestimar la demanda del caso de epígrafe, a la luz de la Regla 39.2 (c) de Procedimiento Civil.[52]

Conforme al foro primario, luego de la presentación de la prueba por parte del señor Reyes Santos y de dirimir los asuntos de credibilidad, el TPI no pudo concluir -como un hecho probado- que la caída sufrida por el señor Reyes Santos fue consecuencia de una condición peligrosa atribuible a la parte apelada.

En primera instancia, y de la evidencia presentada y creída por el TPI, el foro *a quo* determinó que no quedaba claramente establecido que, en efecto, el rótulo de la parte apelada no contara con los permisos requeridos por ley. Conforme a *Arroyo López v. E.L.A.*,[53] aun concluyendo que el rótulo en cuestión no hubiese tenido el referido permiso para su instalación, este elemento por sí solo no implicaba que se le pudiera adjudicar responsabilidad al dueño del establecimiento comercial en el caso de marras, a menos que existiera una relación causal entre dicha violación y el daño causado.

Segundo, el foro primario concluyó que no existió una condición peligrosa, sino que el señor Reyes Santos no tomó las medidas razonables de cuidado y asumió el riesgo del incidente.

En desacuerdo, el señor Reyes Santos expuso que como la parte apelada no había solicitado un permiso para la instalación del letrero, esta actuó negligentemente y, por ende, debía responder por los alegados daños sufridos.

---

[51] *Monllor v. Soc. De Gananciales*, 138 DPR 600 (1995).
[52] Regla 39.2 (c) de Procedimiento Civil, *supra.*
[53] *Arroyo López v. E.L.A.*, 126 DPR 682 (1990).

Por su parte, la parte apelada sostuvo que el señor Reyes Santos admitió haber asumido el riesgo de pasar por debajo del rótulo cuando existían otras rutas, incluyendo el paso de peatones, no presentó prueba sobre las condiciones peligrosas, y no logró acreditar que el rótulo careciera de los permisos exigidos por ley, y aun ante la ausencia de dichos permisos, ese hecho por sí solo no era suficiente para que la parte apelada respondiera civilmente, a menos que existiera una relación causal entre dicha violación y el daño sufrido.

De una lectura cuidadosa del expediente y de la *Sentencia* apelada, concluimos que el foro primario no incidió en el error señalado por el señor Reyes Santos.

Es harto conocido que los foros apelativos les deben deferencia a las determinaciones de hechos y adjudicaciones de credibilidad realizadas por el foro primario, a menos que este haya incurrido en error manifiesto, pasión, prejuicio o parcialidad. El TPI es quien se encuentra en mejor posición de aquilatar la prueba y adjudicar credibilidad, incluyendo ver el comportamiento de los testigos mientras ofrecen su testimonio. En esa misma línea, luego de que el demandante desfile su prueba, el demandado puede presentar una solicitud de desestimación *nonsuit* o contra la prueba, bajo la Regla 39.2 (c) de Procedimiento Civil.[54] Ante la presentación de dicha petición, el Tribunal queda autorizado a aquilatarla y formular su apreciación de los hechos, conforme a la credibilidad que le merezca la evidencia.

Por otro lado, para establecer una causa de daños y perjuicios, es necesario probar los daños, el nexo causal entre los daños y la acción u omisión del demandado, y que el acto u omisión fue negligente o culposo. Dicha negligencia no se presume, sino que el

---

[54] Regla 39.2 (c) de Procedimiento Civil, *supra*.

demandante debe probarla, y para su adjudicación es requisito el deber de prever. No obstante, dicho deber no se extiende a todo riesgo posible, sino que se debe evaluar si un daño pudo ser el resultado probable de un acto negligente. Además, el riesgo que debe preverse debe estar basado en probabilidades y no en meras posibilidades.

Para que exista responsabilidad, el demandante debe probar que el dueño no ejerció el debido cuidado para que el negocio fuese seguro, y que existe un nexo causal entre los daños y dicho acto culposo o negligente. Además, debe probar que existían condiciones peligrosas dentro de los locales y que eran de conocimiento de los dueños o el conocimiento podía imputársele a estos.

Por otra parte, "[l]as personas que se mueven por las vías públicas han de observar la precaución y el cuidado que se espera de una persona de regular inteligencia para evitar colisiones y caídas; y la precaución debe redoblarse cuando se cambia de una zona a otra de mayor y más complejo desarrollo urbano".[55] Asimismo, "[s]i una persona, a sabiendas y comprendiendo el peligro existente, voluntariamente se expone al mismo, aun cuando no sea negligente, debe considerarse que dicha persona ha asumido el riesgo y está impedida de recobrar por daños resultantes del mismo".[56] Además, nuestro máximo foro estableció que:

> Recuérdese que si bien un peatón no está obligado a constantemente ir mirando hacia la superficie, ciertamente debe evitar el caminar ajeno a aquellas situaciones visibles a su perspectiva visual. La situación es análoga al cuidado normal que se requiere para evitar chocar con un rótulo de tránsito instalado dentro de una acera en forma vertical o el sufrir una caída al pasar de la superficie del pavimento de la carretera hacia el nivel más alto de la acera sin tropezar con su borde.[57]

---

[55] *González Ivankovich v. Las Amer. Prof. Center*, 103 DPR 89, 91 (1974).
[56] *Palmer v. Barreras, supra*, pág. 281.
[57] *Torres v. Municipio de Mayagüez*, 111 DPR 158, 163 (1981).

En el presente caso, surge del expediente que el señor Reyes Santos no logró probar que la parte apelada carecía de permisos para la instalación de su rótulo, y aun careciendo de los mismos, nuestro más alto foro ha establecido que, a menos que exista un nexo causal entre dicha violación y el daño, lo cual no existe en el presente pleito, este hecho por sí solo no implica que procede imponerle a la parte apelada responsabilidad.[58]

Tampoco existió una condición peligrosa en el local y, ciertamente, el señor Reyes Santos no actuó como una persona prudente y razonable al no tomar las medidas razonables de cuidado. El señor Reyes Santos ya había acudido al local anteriormente y había visto el rótulo en cuestión.[59] El mismo medía dos (2) pies de ancho por varios pies de alto, estaba adherido a la mitad de un tubo entre el local apelado y otro negocio, y dentro del marco visual de una persona de estatura promedio. Era grande, con un fondo amarillo brillante, y letras negras que se podían ver a simple vista. Además, y según se desprende de la imagen de dicho rótulo,[60] a un lado del letrero había una acera y al otro un estacionamiento. Incluso, el foro primario concluyó que el rótulo no interfirió con la entrada y salida de los clientes a la tienda, ni con la entrada y salida de los vehículos al estacionamiento, así como tampoco interfirió con el recogido de mercancía, ni estaba ubicado en un pasillo o área destinada al paso peatonal, ni para el interior o salida del establecimiento comercial.

Ante estas circunstancias, la única causa próxima del daño que sufrió el señor Reyes Santos fue su imprudencia y descuido al acortar el paso hacia el dentista y agacharse por debajo del rótulo, en lugar de actuar con la precaución y cuidado que se espera de una

---

[58] *Arroyo López v. E.L.A., supra.*
[59] *Foto de rótulo,* Apéndice del recurso, pág. 254.
[60] *Íd.*

persona de inteligencia regular para evitar caídas y colisiones.[61] En otras palabras, el señor Reyes Santos asumió el riesgo del incidente anteriormente descrito, al reconocer que el rótulo era más bajo que él y que por ello tuvo que agacharse.[62] Por lo tanto, el señor Reyes Santos es el único responsable de sus daños.

A la luz de lo anteriormente expuesto, le otorgamos deferencia al foro primario con relación a la determinación de hechos y adjudicaciones de credibilidad, y, consecuentemente, resolvemos que el foro primario no incidió en el error señalado.

Consecuentemente, confirmamos la fundamentada *Sentencia* apelada.

**IV.**

En virtud de lo anterior, *se confirma* la *Sentencia* apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[61] *González Ivankovich v. Las Amer. Prof. Center, supra*, pág. 91.
[62] *Sentencia*, Apéndice del recurso, pág. 190.